## JOSEPH HOWES *v.* GEORGE W. BASSETT.

*Taxation. Doubling Clause in the Tax Law of* 1880 *construed. Listers. Selectmen, Duty of.*

The plaintiff refused on request to make out and return an inventory of his taxable property; and the listers thereupon proceeded to act upon mere rumor; and, learning that he was reputed to be worth $10,000, adjudged that he had that amount, doubled the same, and the product was established as the plaintiff's list. Both the listers and selectmen denied him a hearing. *Held*,

1. That the list was illegal; that the listers, under the Act of 1880, could not assess persons arbitrarily for taxable property not visible, but were to find *property in specie*, capable of appraisal, appraise *it* at its value in money, and double the sum *so* obtained; that they could not act on rumor or conjecture.

2. That the selectmen on appeals to them act in a *quasi* judicial capacity; that they had no right to prejudge the plaintiff's case, as the law always hears before it condemns.

Trover for a wagon. Heard on an agreed statement of facts, September Term, 1882, Washington County, Redfield, J., presiding. Judgment for the defendant. The defendant was constable and collector of taxes of the town of Barre, and sold the wagon in question on a warrant to satisfy taxes claimed of the plaintiff. The case is stated in the opinion of the court.

*Geo. W. Wing,* for the plaintiff.

*Defendant,* pro se.

The opinion of the court was delivered by

Powers, J. The plaintiff was liable to taxation in Barre in 1881. He refused on request to make out and return an inventory of his taxable property to the listers. In this posture of affairs the duty of the listers is pointed out by s. 10 of No. 78 of the Acts of 1880, the statute in force when this assessment was made. That duty is expressed in s. 10 as follows:

"Then said listers shall ascertain, as best they can, the amount of the taxable property of such person or corporation, shall appraise the same at its value in money and shall double the sum so obtained."

The listers found $1,600 of taxable personal estate. They then inquired of sundry persons respecting the plaintiff's property and learned that he was reputed to be worth $10,000. None of the informants gave the listers any information as to any particular property; and the listers, adopting the opinion of such persons, adjudged that the plaintiff had $10,000 in taxable personal estate including said sum of $1,600, and proceeded to double the same, and the product was established as the list of the plaintiff.

Under the act of 1880, no power was given to the listers to assess persons arbitrarily for taxable property not visible. They were to find the amount of taxable *property*, appraise *it* at its value in money, and double the sum *so* obtained. Neighborhood rumor that a person had $10,000 worth of property is no evidence that the person has that amount of taxable property. The listers had nothing which they could " appraise at its value in money." The plaintiff's list beyond the $1,600 was made up wholly of conjecture. It would hardly do, in the absence of statutory power, to say that a list so made up is valid. We think that the Act of 1880 contemplated that the listers should find property *in specie* capable of appraisal, the value of which they were authorized to double and set in the list.

The plaintiff appeared before the listers, denied having the $10,000 in property, and offered to submit to an examination under oath. The listers refused to give him a hearing or relief, whereupon he appealed to the selectmen. The selectmen refused him a hearing. Section 11 of the Act of 1880 declares that the selectmen, on appeal from the listers, shall give the tax payer no relief, *if it appears to them* that he has violated any of the provisions of that act.

It could not appear to them that the tax payer had violated the provisions of the act unless they heard him in the premises.

They could not prejudge his case. They act in a *quasi* judicial capacity when hearing appeals; and it is a fundamental principle in all judicial proceedings that the law will hear before it condemns. They denied the plaintiff a substantial right material to the validity of his list.

The plaintiff's list was illegally made up and affords no justification for the seizure of his property.

Judgment reversed, and judgment for the plaintiff on the agreed fact for $90 and interest from December 3, 1881.