## JOHN L. BULLOCK v. TOWN OF GUILFORD.

*Taxation.    Notes secured by Mortgage on Land in another State.    R. L. ss. 270, 326.    Grand List.*

1.  Under the statute,—R. L. s. 270,—exempting from taxation personal estate owned by an inhabitant of this State but situated and taxed in another state a debt evidenced by a promissory note owned by such inhabitant is taxable here,

although secured on land in another state where the mortgagee's interest is taxed as real estate, and the note and mortgage are in the possession of their owner's agent living where the land is situated.

2. LISTER'S ERROR.  The statute requires when a person willfully omits to make his inventory that the listers " shall ascertain, as best they can, the amount of" his taxable property.  The plaintiff stated on inquiry that he could not tell how much was due on certain notes; *Held,* that an error in determining the amount by the listers, who acted in good faith and with common care and skill, did not invalidate the list.

GENERAL ASSUMPSIT to recover taxes paid under protest by the plaintiff.  Trial by jury, September Term, 1885, WALKER, J., presiding.  Verdict directed for the plaintiff.  The action was brought to recover taxes assessed for the year 1885.  It appeared that the plaintiff made out his list including real estate, stock, etc. ; that the listers added to the inventory as returned $1,800 as due him from loans in Massachusetts, and doubled the whole ; that in 1882 and 1883 the plaintiff had negotiated two loans in Massachusetts secured by mortgages on lands situated there ; that in April, 1885, there was due on both mortgages $1,430, with only some $20 of interest, and the other $370 had been paid ; and that one of the listers went to Massachusetts and employed counsel to examine the records of deeds and mortgages and found mortgages running to the plaintiff to the amount of $1,800.  The real estate in Massachusetts to the amount of $1,750 was set in the list to the plaintiff, one of the pieces of land mortgaged for $800 being valued by the assessors only at $750.  The others facts appear in the opinion of the court.

*J. M. Tyler* and *Waterman & Martin,* for the defendant.

It is settled law : (1) That the debt, although a species of intangible property, is to be regarded as situated at the domicile of the creditor ; (2) that the bond or promissory note is only evidence of the debt, and if destroyed, the debt remains ; (3) that the debt for the purposes of taxation, is not affected by the fact that it is secured by a mortgage on real estate situated in another state, for the reason that the mortgage is only

given as security for the debt; (4) the mortgage itself has no locality independent of the party with whom it resides; (5) that a debt having its *situs* at the creditor's residence, both he and it are, for the purposes of taxation, within the jurisdiction of the State; (6) that it is for the State to determine, consistently with its own fundamental law, whether such property owned by one of its residents shall contribute, by way of taxation, to maintain its government. *Cleveland*, etc., *R. R. Co.* v. *Penn.* 82 U. S. 300; *Bonaparte* v. *Appeal Tax Court, Balt.*, 104 U. S. 845; *McCulloch* v. *Maryland*, 4 Wheat. 428; Cooley Tax. pp. 14, 15, 43, 164, 269; *Savings Bank* v. *Nashua*, 46 N. H. 389. The listers were justified in placing the $1,800 in the list. *Rowell* v. *Horton*, 58 Vt. 1; *Howes* v. *Bassett*, 56 Vt. 141. *Kirtland* v. *Hotchkiss*, 100 U. S. 491, is decisive of this case.

*Haskins & Stoddard* and *C. B. Eddy*, for the plaintiff.

The listers knew that by the law of Massachusetts these mortgages were assessed to the plaintiff in that state; therefore, they had no warrant in law to list them. Cooley Tax. 732. Our statute exempts this money. R. L. s. 270.

The Massachusetts statute of 1881 provides that the amount of such mortgagee's interest " shall be assessed as real estate in the place where the land lies." Pub. Stat. of Massachusetts, s. 14, c. 11.

This statute and the effect of it has been before the court in Massachusetts. *Firemen's Insurance Co.* v. *Commonwealth*, 137 Mass. 81. The court say: " Nor can there be any doubt that it is competent for the legislature to determine what shall be real estate and what shall be personal property for the purposes of taxation." In the same case the same court say: " For the purposes of taxation, mortgagors and mortgagees shall be deemed joint owners."

It follows that if these real estate mortgages make the owner of them a joint owner of the real estate with the mortgagors, and being situate in Massachusetts, the owner, though a resi-

Bullock v. Guilford.

dent of this State, is not taxable for the amount invested in them here.    Cooley Tax, p. 165 ; 1 Desty Tax. p. 199.

The . law does not favor double taxation, and statutes are uniformly construed by courts so as to avoid this result.

From the facts shown it is clear that the listers did not ascertain the amount due upan plaintiff's investments.    Upon their own testimony it appears that the assessment of $1,800 was arbitrarily made, and the doubling thereof made the plaintiff's list illegal.    *Rowell* v. *Horton*, 58 Vt. 1.

The opinion of the court was delivered by

TAFT, J.    The plaintiff claims that promissory notes due him, secured by mortgages upon real estate in Massachusetts, are not taxable in this State, for that such real estate is set in the list in that state and taxed to him, the taxes being paid by him through his agent residing in that state, in whose custody the mortgages and notes are kept.    Upon these facts he insists that the property was situated and taxed in another state, and so free from taxation here under subdivision 3, sec. 270, R. L., which exempts from taxation " personal estate owned by inhabitants of this State situated and taxed in another state." Was this property situated in Massachusetts?    The general rule is that a debt follows the person of its owner and has its *situs* at his domicile, although in some instances it may, for the purposes of taxation, have a *situs* elsewhere, *e. g.*, where it is held in trust, as in *Catlin* v. *Hull*, 21 Vt. 152.    In such case it may well be claimed that the trustee becomes a *quasi* owner of the debt.    A debt is simply an obligation of the debtor ; it only possesses value in the hands of the creditor ; with him it is property, and in his hands it may be taxed.    A debt simply can have no locality separate from that of the party to whom it is due.    *State Tax on Foreign-held Bonds,* 15 Wall. 300.    The *situs* of a debt is not affected by the locality of the security ; it is still with the owner.  Taxing the security makes the debt no less a debt than it was before such taxation.    We do not intend to say that the plaintiff can-

not place his property in mortgage notes in such a manner as to give them a *situs* elsewhere than at his domicile; admitting that he may, we are clearly of opinion that in this case he has not done so. It is doubtful, in our view, whether the place of keeping the evidence of a debt can in any way affect the *situs* of the debt; and this is the only circumstance as to the *situs* which distinguishes this case from any ordinary case of a simple debt. We think that the *situs* of the debt in question was with the plaintiff in Guilford, and not in Massachusetts. Nor do we understand that the case of *Catlin* v. *Hull, supra,* was controlled by the fact that the debtors resided in Vermont; the case was put upon the ground that Catlin held the property in trust as the agent of Hammond, and so was clearly within Act No. 9 of the Session Laws of 1844; and we think the decision should have been the same had the debtors resided without the State. Wherever the debtors resided, Catlin held the property here, and so was taxable.

Holding that the property was not situated in Massachusetts renders it unnecessary to decide whether it was taxed there. We do not pass upon that question. It must be both situated and taxed there to exempt it here. If not *situated* there, it is taxable here.

II. The plaintiff claims that the list in question was illegally made, because there was not so much due upon the mortgage notes as the sum at which the listers appraised their value. This case is unlike *Howes* v. *Bassett,* 56 Vt. 141, and *Rowell* v. *Horton,* 58 Vt. 1, where no property was known to the listers. Here the property was found *in specie.* Its existence was admitted, and the listers appraised the same. The statute requires the listers, in case the taxpayer omits to make a satisfactory inventory, "to ascertain as best they can the amount of the taxable property of such person." Would it do to say that any error in determining the amount due upon a note would invalidate the list? It would be substantially impossible to administer the law under such a rigid rule. No claim is made that the listers acted in bad faith, or were wanting in

common care and skill. The existence of the mortgage notes for eighteen hundred dollars was known, and the evidence shows that when the plaintiff was interrogated as to them he stated he could not tell how much was due on them, nor how much had been paid on them. If the owner cannot tell the exact amount due, and he testified upon trial that he could not, is it not absurd to require a stranger to do it? We think, as was said in a similar case, *Hartford* v. *Champion* (Conn.) 3 New Eng. Rep. 543 : " The object of the taxpayer is to keep his property out of sight and from the knowledge of the assessors. By frankly stating what he owns, he avoids all danger of an unjust impression on the part of the assessors. If they get at the property thus concealed by using their best judgment in the matter, and by inquiries that bring them to an honest belief on the subject, the taxpayer is, in the circumstances, in no position to make a reasonable complaint if they misjudge in the matter." We cannot say, as matter of law, that the listers erred in their appraisal, nor that the two mortgages appraised by them at eighteen hundred dollars were not of that value. The list was valid.

Judgment reversed, and judgment for defendant.