VOLNEY S. FULHAM *v.* LESTER C. HOWE.

*Taxation.  Evidence.  Residence.  Practice.  Act of 1882,*
*No. 2, s. 17. . Act of 1884, No. 3.*

1.  Practice.  In an action of replevin, where the verdict was for the defendant, if there was error in excluding evidence relating to damages, it is not available to the plaintiff.

2.  Evidence.  Public Documents.  United States Census.  The Compendium of the tenth Census, a book compiled pursuant to an Act of Congress, and printed at the government printing office, is admissible to show the popuulation of a town, when it is a material fact.

3.  Taxation.  Listers.  Judicial Action.  The action of listers is judicial under the Act of 1882, No. 2, s. 17, when, after doubling the amount obtained, they make a further assessment of a sum " which will, in their judgment," make up the amount of the taxpayer's taxable property; and in an action of replevin to recover goods taken by a collector in satisfaction of a tax, evidence is not admissible to attack the assessment of the listers by showing that they had no facts on which to base it.

4.  Evidence.  The inventory and affidavit used by the plaintiff before the listers were not admissible in his favor.

5.  Evidence.  Intention.  Residence.  Evidence as to one's intention to engage in business in a particular place is not admissible to show his intention as to making that the place of his legal residence.

6.  Evidence.  Residence.  In an action against a tax collector, where it is material to show the plaintiff's residence, evidence is admissible to prove that he registered and voted in another state the same year of the assessment complained of, if coupled with an offer to prove that the laws of such state required a residence there of one year before voting.

7. The court will pass upon an exception as it stands, though apprehensive that by inadvertence it does not present the question just as it came up in the court below.

8. Evidence is not admissible to show what measures the plaintiff took after the first of April, and without success, to have his name put on the New York City Directory.

9. The question being whether the plaintiff's domicile was in New York or in this State, there was no error in compelling him, on cross-examination, to state whether he paid any taxes in New York.

REPLEVIN. Plea, general issue, with notice that defendant would justify under a tax-bill and warrant directed to him as collector of taxes of the town of Ludlow. Trial by jury, December Term, 1887, ROYCE, Ch. J., presiding. Verdict for the defendant.

The tax in question was assessed in 1886. The plaintiff neglected and refused to make out and swear to an inventory of his personal property, for that year, as required by law, and the listers of said town then proceeded to make a list of his personal property, as required by law, where no inventory is filled out and sworn to. They found a note and watch belonging to the plaintiff, and about which there was no question made, and appraised the same at $50, and doubled that amount; and this sum being, in the opinion of the listers, less than the amount of the plaintiff's taxable property, they further assessed him $15,000 as the sum which in their judgment made up the amount of his taxable property, and added thereto his poll, at $2.

The principal question was whether the plaintiff was an inhabitant of the town of Ludlow, for the purpose of taxation, on the 1st day of April, 1886. The plaintiff was unmarried, Ludlow was his native town, and the defendant's evidence tended to show that, since 1881, he had spent a large portion of the time in Ludlow, and that he made his home there; that he had only been absent from said town a month or two in each year, and that these absences included the 1st day of April in each year; that he had some articles of furniture that always remained in his room where he boarded; that he had no place

Fulham *v.* Howe.

of business in New York and had not paid taxes there since 1876.

It appeared that for more than twelve years prior to 1876 the plaintiff had resided in the city of New York, and had been engaged in the practice of law; that he kept an office there, that on the 8th of July, 1876, he came to Ludlow for the purpose of taking care of his father, who was then sick, during the the remainder of his life. He remained with his father until his death, and was made executor of his will. He gave up his office in New York in 1876, and had not been engaged in any business there since that time. His office furniture was sold, with the exception of a few articles, which had been stored in New York for him since that time. No question was made but what the plaintiff's residence was in New York prior to 1881. The question made was whether he had lost or abandoned that residence and had acquired one in Ludlow. The plaintiff introduced evidence tending to show that his coming to Ludlow was only for the purpose of caring for his father and settling his estate.

The witness Harpin, mentioned in the first exception, was the officer who served the writ, and was offered on a question of damages, expenses in finding the property replevied.

Seventh exception : "The plaintiff proposed to show that he registered and voted at New York, in the fall of 1886, and also that the law of New York would not permit a person to register and vote unless he had been a resident of the state for a full year previous to voting."

To this the defendant objected, and the court excluded the testimony.

Tenth exception : "After the plaintiff had testified that he had not paid taxes in New York since 1876, the plaintiff testified that previous to that time, he had paid taxes there ; and thereupon the plaintiff's counsel asked the plaintiff the following question :

Q. And what did you do with reference to paying taxes in New York, so far as your property was concerned ? A. This

23

Fulham *v.* Howe.

question was objected to and excluded; and the plaintiff excepted."

The other facts are sufficiently stated in the opinion.

*W. E. Johnson and V. S. Fulham* for the plaintiff.

1. Harpin's testimony was admissible on the question of damages. The expense was caused by the defendant in taking and retaining the property. R. L. s. 1241.

2. The printed book, the Compendium of the 10th Census, was not admissible to show the population of Ludlow. It was not authenticated.

3. It was error to exclude the question asked Mayo, the lister, as to " what facts the listers ascertained, or had knowledge of," in reference to the plaintiff's property. Section 17, No. 2, Acts of 1882, is substantially like section 10, No. 78, of the Acts of 1880, except the power of assessment. Under the Act of 1880 it was held that " the listers should find property in specie." *Howes* v. *Bassett*, 56 Vt. 141. Listers in making an assessment act judicially. *Fuller* v. *Gould*, 20 Vt. 643 ; *Fairbanks* v. *Kittridge*, 24 Vt. 12.

All judicial acts must be based upon the consideration of evidence ; and listers cannot form a judgment, such as is contemplated by the Act of 1882, except upon a personal knowledge of facts, or evidence admissible in courts of law, sufficient to establish the fact that the person assessed has taxable property to the amount assessed against him.

The legislature has directed the listers to act upon their "*judgment.*" It is a substantial requirement, lying at the foundation of the right to make the assessment, and therefore a condition precedent ; and, if. they do not act upon their judgment, but act without judgment, the list is void. This is substantially held in *Henry* v. *Chester*, 15 Vt. 468 ; *Howes* v. *Bassett*, 56 Vt. 141.

As the listers act judicially in making assessments, they cannot be made personally responsible unless malice be shown. *Fuller* v. *Gould*, 20 Vt. 643.

It follows, therefore, that when the listers do not act from malice in making an assessment, but make a wrong and erroneous assessment because they do not observe the requirements of the law, the party injured has no remedy except to defend against the collection of the tax.

4. It was error to exclude the evidence as to what the plaintiff's intention was in engaging in business at Ludlow. A person's residence depends largely on his intention.

The plaintiff's intention as to where he would engage in business was admissible as bearing upon what his intention was as to his place of residence. His intent was an essential element in determining the question of inhabitancy; and, without an intent so to do, he could not change it from New York to Vermont.

The doctrine is clearly stated in Story on Conflict of Laws, ss. 41, 44, 47; *Harvard College* v. *Gore*, 5 Pick. 374-377; *Hurlbut* v. *Green*, 42 Vt. 319; *Hulett* v. *Hulett*, 37 Vt. 581; *Leach* v. *Pilsbury*, 15 N. H. 138; *Doyle* v. *Clark*, 8 Rep. 164.

Residence cannot be established without intention; and the acts of the person, aside from the fact of his presence in the place, are only circumstances from which an intention may be inferred. In order to find a change of residence the trier of the case must find the fact of intention. Story on Conflict of Laws, s. 47, p. 57; *Harvard College* v. *Gore*, 5 Pick. 374; *Hurlbut* v. *Green*, 42 Vt. 319.

5. It was error to exclude the plaintiff's testimony that he registered and voted in New York. *Harvard College* v. *Gore*, *supra*; *Hulett* v. *Hulett*, 37 Vt. 581; 41 Vt. 495.

*W. W. Stickney* and *M. H. Goddard*, for the defendant.

1. The expenses of a suit, beyond the taxable costs, can never be recovered as *damages* in the same suit. *Rut. & Wash. Railroad Co.* v. *Bank of Middlebury*, 32 Vt. 639; *Harris* v. *Eldred*, 42 Vt. 39; *Earl* v. *Tupper*, 45 Vt. 275; *Hoadley* v. *Watson*, 45 Vt. 289.

The evidence is rendered immaterial by the verdict. *Frary* v. *Gusha*, 59 Vt. 257; *Robinson* v. *R. R. Co.* 7 Gray, 92; *Nones* v. *Northouse,* 46 Vt. 587.

2. The Compendium of the 10th Census was admissible; and that on the same principle as the Gazette is evidence of state matters in England, or state papers published under authority of Congress in this country. *Rex* v. *Holt*, 5 T. R. 436; Greenl. Ev. 491; *Watkins* v. *Holman*, 16 Pet. 25; *Bryan* v. *Forsyth*, 19 How. 334; *Gregg* v. *Forsyth*, 24 How. 179; *Radcliff* v. *Ins. Co.* 7 Johns. 38; *Whiton* v. *Albany Ins. Co.* 109 Mass. 24.

3. Under section 17, No. 2, Acts of 1882, the power of the listers to arbitrarily assess is judicial, and not open to examination either in the courts of common law or equity.

The courts of common law or of equity are powerless to give relief against the erroneous judgment of assessing bodies, except as they may be specially empowered by law to do so. Cooley, Tax. 748; *Gilpatrick* v. *Saco*, 57 Me. 277; *Wilson* v. *Wheeler*, 55 Vt. 446; *Bartlett* v. *Wilson*, 59 Vt. 23, 34.

The plaintiff elected to have his list made up in the way employed by the listers. He submitted himself to the "doom" of the listers. The right to discriminate against those who fail to hand in inventories or lists has often been judicially recognized. And it would seem that there can be no valid objection to it. *Boyer* v. *Jones*, 14 Ind. 354; Cooley, Tax. 358.

The taxpayer has had his day in court and his *due process of law* in the judicial character of the lister with his appeal to the board of civil authority, and the final resort of abatement if any wrong has been done. *Bartlett* v. *Wilson, supra; Hagar* v. *Reclamation Dist.* 111 U. S. 70.

4. The inventory of the plaintiff as executor of his father's estate is not admissible. *Wright* v. *Boston*, 126 Mass. 161; *Weld* v. *Boston*, Id. 166.

Declarations of a party are not admissible in his own favor. They are mere hearsay. Greenl. Ev. s. 108; *Thorndike* v. *Boston*, 1 Met. 242.

5. The polls of male *inhabitants* of the State, etc., shall be set in the list. It makes no difference whether *such inhabitant* is in or out of business. Hence, his intentions as to whether he would engage in business in Ludlow or not were immaterial and incompetent. The plaintiff had a right, and was allowed to tell what he did and where he was.

6. The evidence as to whether plaintiff paid taxes in New York after he came to Ludlow in 1876 was rightly received. *Hurlbut* v. *Green*, 42 Vt. 316; *Mitchell* v. *United States*, 21 Wall. 350.

The opinion of the court was delivered by

VEAZEY, J. The exceptions are numbered in the bill of exceptions, and are taken up and numbered in the same order in this opinion.

I. If there was any error in excluding the testimony of Harpin, it is not available to the plaintiff by reason of the verdict for the defendant. *Frary* v. *Gusha*, 59 Vt. 257.

II. Public Acts, No. 3, of 1884, entitled, "An act relating to the grand list," provides, section 3, that the number of inhabitants of a town or city, for the purposes of this act, shall be deemed to be the number of inhabitants as returned by the United States census last completed before the making of the list.

The population of Ludlow in 1880 was a material fact to be proved. We hold that the printed Compendium of the 10th Census was legal evidence for this purpose. The book was compiled pursuant to an Act of Congress, and was printed at the government printing office at Washington. In *Watkins* v. *Holman*, 16 Wheat. 25 (Bk. 41 l. ed.), it was held that a volume of state papers showing the report of certain commissioners under an Act of Congress confirming the title in question, was admissible in evidence. It was put on the same ground as Journals of Congress and of state legislatures, and reports sanctioned and published by authority. As to the volume there in question the court said : "Now this original report, duly authenticated by the Treasury Depart-

ment, to which it was made, would be evidence, and it is evidence in the published volume. The very highest authenticity attaches to these state papers published under the sanction of Congress." To same effect is *Bryan* v. *Forsyth*, 19 How. 334, and other cases.

III. The listers of the town assessed the plaintiff $15,000, under the authority of Act No. 2, sec. 17, of 1882, which contains this clause, viz. : " And if the sum obtained by doubling is, *in the opinion* of the listers, less than the amount of the taxable property of such person or corporation, they shall further assess such person or corporation for a sum which will, *in their judgment*, make up such amount."

The testimony of Mayo was offered for the purpose of attacking the judgment of the listers in making that assessment, the claim now being that the listers had no evidence upon which to base a judgment. The plaintiff admits, and even claims, that the listers acted judicially, and does not deny but that they were acting within the scope of their authority, but insists upon the right to upset their judicial act in this collateral suit.

We think this claim is against the settled rules of law. A judgment can be impeached only by a proper proceeding bearing directly upon the judgment itself to vacate and set it aside. *Porter* v. *Gile*, 47 Vt. 620.

When it is admitted, as it seems to us it must be under the terms of this statute, that the listers act judicially in making such further assessment, then the ordinary rules as to judgments must follow. *Fuller* v. *Gould*, 20 Vt. 643. But the aggrieved party in a case like this is not without remedy. He has notice of the assessment, and may appear before the listers to have his list corrected—section 21 ; and may appeal from their decision to the board of civil authority, and there be heard and have further corrections made—section 22. But there is no further statutory provision for relief. Resort to the common law courts can be had only according to the rules of law that pertain to the practice of those courts.

Fulham v. Howe.

We hold that the ruling of the court excluding the testimony of Mayo was correct.

IV. The inventory of the plaintiff, and his affidavit which he used before the listers, were properly rejected on the ground that declarations of a party in his own favor are not admissible except as a part of the *res gestœ*.

V. A person's intention as to where he will have his legal residence has important bearing in determining its location. But his intention as to whether he would engage in business in a particular place would not tend to show what his intention was as to making that the place of his legal residence. This is the only ground now claimed for showing what the plaintiff's intention was in respect to engaging in business in Ludlow. We think it was properly excluded. It was an attempt to show what his intention was in a material respect, by offering to show what it was in an immaterial respect.

VI. Under point six the bill of exceptions is so meagre that a discussion of the ruling could not be of any value in another trial. It is obvious that the admissibility of testimony of the character offered would depend largely upon circumstances. It cannot be said that it would be inadmissible in every case. In this case it was admitted but its bearing restricted. There is not enough detailed to show that the restriction was not warranted.

VII. The plaintiff's offer to show that he registered and voted in New York in the fall of 1886, standing alone, should have been rejected; but the offer following in the clause in parenthesis, if proved, would have made the fact of registering and voting admissible, and so we think the offer as a whole as it stands in the exceptions was improperly rejected. *Mitchell* v. *United States*, 21 Wall. 350. This is so plain that it hardly warrants discussion, and indeed it is not denied by defendant's counsel. Their claim is that no such offer was made, and they urge the right to refer to the reporter's minutes in support of their claim. The exceptions say : " The reporter's minutes as to what the plaintiff *testified* to having been done

by him in New York in the matter of registering, voting and paying taxes may be referred to, and said minutes are to control when they conflict with what is said in the exceptions." It will be noted that this reference is to the *testimony* of the plaintiff, not to the plaintiff's offer of evidence. The *testimony* throws no light whatever on the point. Indeed, his testimony was excluded. We are therefore obliged to take the bill of exceptions as it stands on this point, although we are apprehensive that by inadvertence it may not present the question just as it came up in the court below.

VIII. Under point eight we think the ruling excluding the testimony offered was correct. The offer was to show that the plaintiff took measures sufficient, as he supposed, to have his name put on the New York City Directory for 1886, and what means he employed to that end. It seems he did not succeed, and all that he did was long after April 1st. It is not claimed that his right to have his name inserted in a subsequent directory depended on his legal domicile in April previous.

IX. It was held in *Hurlbut* v. *Green*, 42 Vt. 316, where the general question on trial was the same as in this case, that it was competent for the defendant collector to show that the plaintiff was not taxed in the town where he claimed his domicile was on April 1st. PROUT, J., there says : " Proof that the plaintiff had given in a list in Danville would have been admissible in support of his claim, and so would the *circumstance*, so to call it, that he did not, as affording an inference that it was unfounded, and that he so regarded it."

In *Hulett* v. *Hulett*, 37 Vt. 581, the issue was as to the domicile of the defendant. He claimed it was in Hampton, New York, and was allowed to testify that he never paid taxes any where but in Hampton. This was treated in argument and by the court as evidence that he paid taxes there, and was held admissible, without showing what the law of that state was on the subject of taxation, and on the ground that it had a tendency to show that the defendant considered that place to

Fulham *v.* Howe.

be his legal residence. The court said : " If the law of New York was such, or this property was of such character, or so situated, as to make that fact of no importance, it should have been shown by the plaintiff as an answer to this evidence."

In *Mitchell* v. *United States*, 21 Wall. 350, in his enumeration of the circumstances relied upon to establish an *animus manendi*, Justice SWAYNE mentions the payment of personal taxes. . This plaintiff had been a resident of New York and exercised the rights of a citizen there for many years, and was claiming that he had made no change in his legal residence, and that his stay in Vermont was for temporary purposes only.

While the laws of states vary in the detail as to taxation, I have never heard of one where total exemption prevailed. The existence of such a haven of relief and joy could hardly. fail to be a matter of universal knowledge. Owing to the universality of taxes we think the same rule should obtain where the domicile is claimed to have been on a given day in another state, as well as where it was claimed in another town in this State. Moreover, the explanation of the non-payment of taxes in New York would be more likely to be within the knowledge of the plaintiff than of the defendant. We think there was no error in the ruling under exception nine.

X. There is not enough stated under exception ten to show error in the ruling. If an offer had been made to show why the plaintiff had not continued to pay taxes in New York for the purposes of meeting testimony that he had ceased paying there, it would have presented a different question. But the question which was objected to, standing alone, was apparently immaterial.

Several exceptions were taken to the refusal to charge the jury as requested, and to the charge as given, but it is not deemed best to pass upon them, as they are not likely to arise in another trial, and do not involve propositions of general application.

Judgment reversed and cause remanded.