## EMERETTE WEATHERHEAD *v.* TOWN OF GUILFORD.

*A taxpayer cannot show that he did not own property listed to him.*

1. In a suit to recover taxes paid under protest, the taxpayer cannot show that he did *not* in fact own the property listed to him, where there was evidence tending to show such ownership, and that question was considered by the listers, and again on appeal by the board of civil authority.

2. Where the taxpayer claims by his inventory that he has no property, the listers, in proceeding to assess him under No. 2, Acts of 1882, s. 17, must find *some* property *in specie*. But if there is legitimate evidence tending to show that he has such property, the weight of that evidence is for the listers and board of civil authority, and the decision of those tribunals cannot be collaterally attacked in a proceeding to recover the taxes paid.

Assumpsit to recover taxes paid under protest. Plea, the general issue. Trial by jury, at the September Term, 1889, Rowell, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The facts appear in the opinion.

*Waterman, Martin & Hitt,* for the defendant.

The action of the listers and board of civil authority was judicial and final. *Bartlett* v. *Wilson,* 59 Vt. 23; *Fulham* v. *Howe,* 60 Vt. 351.

*Haskins & Stoddard,* for the plaintiff.

Before the listers could assess the plaintiff they must find the property *in specie* which belonged to her. *Rowell* v. *Horton,* 58 Vt. 1; *Howe* v. *Bassett,* 56 Vt. 142.

The opinion of the court was delivered by

Ross, J.   The question raised by the defendant's exceptions to the admissibility of testimony and to the charge of the court is, whether under the circumstances disclosed, the plaintiff, in an action of assumpsit to recover back taxes paid under protest, can collaterally attack and overthrow the judgment of the listers, and, on appeal, of the board of civil authority, in regard to whether the plaintiff possessed certain property for which the listers had assessed her in making up the grand list of the defendant town.   The plaintiff's grand lists were made up under the provisions of s. 17, No. 2 of Acts of 1882.   This section, among other things, provides : " If the listers have sufficient reason to believe that an inventory does not contain a full, true and correct statement of the taxable property of the person or corporation filling out such inventory, according to the requirements of this act, then said listers shall ascertain as best they can the amount of taxable property of such person or corporation ; shall appraise the same at its value in money and shall double the amount so obtained ; and if the sum obtained by doubling is, in the opinion of the listers, less than the amount of the taxable property of such person or corporation, they shall further assess such corporation or person for a sum which will, in their judgment, make up such amount."   It is apparent that by this section of the statute the listers, when they are dissatisfied with the inventory furnished by any taxable person, are first to see if they can ascertain that such person is possessed of any taxable property other than that contained in the inventory, and if they ascertain that such person possesses any such property, they are to appraise it and double the amount so obtained ; and then, if they think they have not the full amount of such person's taxable property, they may arbitrarily assess such person such further sum as will make up the full amount of such person's taxable property.   It has been held, under this section, that the listers have no power to double the amount which they assessed to a person arbitrarily, and that to give them power to appraise

and double they must find some taxable property belonging to such person not included in the inventory furnished by him. *Rowell* v. *Horton*, 58 Vt. 1.

From the exceptions it appears that the plaintiff, by her inventories for the years 1887 and 1888, claimed that she had no taxable property. The listers learned that she had a certain sum of money fall to her in 1887 ; that this sum was deposited by her in a bank, and drawn out by her in March, 1887, and they could not ascertain from her, or otherwise, how she had disposed of only a portion of it. She claimed by her inventories that she had no taxable property either year. The listers each year claimed to have ascertained that she had $750 in money on hand and debts due, appraised it at that sum and doubled it. On appearing before the listers as a person aggrieved, she admitted each year that she had received the amount which they had ascertained and claimed she had disposed of it, but refused to tell them how or when or give them any information in regard to her disposal of it. On appeal to the board of civil authority she made the same admission, claim and refusal. The listers and board of civil authority each year refused to give her relief. She was duly assessed on the grand list so made, paid her taxes under protest, and brought this suit to recover them back. On the trial she introduced evidence, her own and that of others, to show in fact she had disposed of the whole sum which she had received before April 1st, 1887, and the court held, against the exceptions of the defendant, if the jury so found then the listers did not ascertain she had any taxable property either year, were without jurisdiction to make an appraisal thereof and double the same, and that the plaintiff could recover back the taxes which she had paid. We think this holding was erroneous. It has been held that for the listers to proceed by appraisal and by doubling the amount so found they must ascertain that the taxpayer has property *in specie,* as it has been expressed, capable of appraisal.

This is without doubt the fair scope of this provision of the statute. But it does not mean that the property so found by

them must be seen or capable of being seen by them, that they must actually *see or touch it or find it* beyond every doubt, in order to enable them to proceed in this manner. As has been held, the listers and the board of civil authority are tribunals to determine whether such property exists, upon the ordinary rules of evidence. They cannot find that the taxable person owns such taxable property without finding information or evidence which in any legal tribunal would fairly tend to establish that such person owned the property appraised by them. There was such evidence in this case. On the evidence which the listers and the board of civil authority had before them most any legal tribunal would find the facts which they found, that she had as much money or debts due for the money, on both of the occasions when they established her grand list. She had a full chance to be heard before them and wilfully refused them such information as she had and knew existed, and submitted the determination of the existence of such property as they claimed was taxable to her, to these tribunals. If the listers did not have any evidence before them tending to establish that she had owned such property then they could not have proceeded in this manner, but must have proceeded by an arbitrary assessment, if at all. But having such evidence they had jurisdiction of the subject matter, and she must abide by their determination. If their determination was erroneous because she refused to give them such information as she had, she cannot take advantage of her own fault, and collaterally overthrow the judgment thus rendered against her, in another suit in which she is willing to bring forth the information which she then had and was given an opportunity to produce.

*The judgment is reversed and cause remanded.*