# R. W. WATERMAN

v.

# THOMAS P. DAVIS AND TRUSTEE.

JANUARY TERM, 1894.

*Taxation. Quarry. Description. Evidence. Valuation of listers.*

1. An undivided one-half interest in a soapstone quarry situated upon the land of another is assessable as real estate for the purpose of taxation.

2. The entry in the grand list was "one undivided half of a soapstone or freestone quarry on the farm of L. H. Davis, with four acres of land, $11,833." *Held*, that the list was not rendered void by the fact that no land was owned with the quarry.

3. A manifold copy of a notice to a tax-payer of the time and place when and where the collector will receive his tax may be introduced upon trial of a suit to collect the tax without notice to produce the original.

4. The valuation of listers is in the nature of a judicial determination and cannot be questioned upon proceedings for the collection of the tax.

Action for the collection of a tax brought by the tax collector for the town of Chester, under the provisions of R. L., ss. 407–401. Plea, the general issue. Trial by jury at the May term, 1893, Windsor county, MUNSON, J., presiding. The court directed a verdict for the plaintiff, and the defendant excepted.

Upon the trial the defendant offered to show that the quarry was operated by the Union Soapstone Company at the rate of one dollar and fifty cents per ton for the stone taken out; that the listers ascertained the amount paid for the use of the quarry under this contract and assessed the quarry at such a valuation as would amount, at six per cent, to this sum, without any reference to its actual value in money. The court excluded the testimony, to which the defendant excepted.

The other questions raised and decided sufficiently appear in the opinion.

*Geo. L. Fletcher* and *L. M. Reed* for the defendant.

The defendant's interest in the quarry could not be measured by metes and bounds and was not assessable as an interest in real estate. *Hughs* v. *Vail*, 57 Vt. 44; *Clove Spring Iron Works* v. *Cole*, 56 Vt. 603; *McGee* v. *Salem*, 149 Mass. 238; *Flanders* v. *Cross*, 10 Cush. 514.

The quarry as a whole should have been set to the owners, not an undivided interest to this defendant. Cool. Tax. 288; *Parker* v. *Baxter et al.*, 2 Gray 188, 189.

Evidence as to how the listers arrived at their valuation should have been admitted. It did not tend to show merely an error in judgment as to value, but that they proceeded on a wrong basis and without jurisdiction. Cool. Tax., 157, 528, 529; *Henry* v. *Chester* 15 Vt. 469; R. L., s. 268.

The copy of notice was improperly admitted. Green. Ev., s. 562.

*W. W. Stickney*, *J. G. Sargent* and *W. E. Johnson* for the plaintiff.

An error in stating the quantity of land will not vitiate the list.  *Williston* v. *Colkett*, 9 Pa. St. 38; *Brown* v. *Hays*, 66 Pa. St. 229; *Gilman* v. *Reoppelle*, 18 Mich. 145.

The contents of a mere notice may be proved without notice to produce the original.  1 Greenl. Ev., s. 561; 1 Thomp. Tr., s. 775; *Colling* v. *Treweek*, 6 B. & C. 398; *Bank* v. *Chapin*, 3 Pick. 180; *Quinley* v. *Atkins*, 9 Gray 370; *Bentley* v. *White*, 54 Vt. 564.

The valuation of the listers could not be attacked in this suit.  R. L., s. 297, 298; *Day* v. *Peasley*, 54 Vt. 310; Cool. Tax., 748; *Henry* v. *Chester*, 15 Vt. 460; *Fuller* v. *Gould*, 20 Vt. 643; *Wilson* v. *Wheeler*, 55 Vt. 446; *Fulham* v. *Howe*, 60 Vt. 351; *Taylor* v. *Moore*, 63 Vt. 60.

ROSS, C. J.   This action is to recover taxes assessed by the town of Chester against the defendant, as the owner of real estate in that town.   He owned an undivided half of a soapstone or freestone quary, on the farm of his brother, L. H. Davis.   It appeared that L. H. Davis owned the land covering the quarry.   The defendant's interest in the quarry was assessable to him as real estate.   R. L., ss. 9 and 283.

I.   On the trial, the defendant claimed that the grand list and the assessment of the tax were void, because he was assessed in that list for four acres of land which he neither owned nor occupied.   The entry on the grand list against him is: "One undivided half of a soapstone or freestone quarry, on the farm of L. H. Davis, with four acres of land, $11,833."   This entry must be construed in the light of the requirements of the statutes.   In the appraisal of real estate the listers were required to classify it.   R. L., ss. 292, 293, 294.   In the class in which this falls the listers were required to specify each parcel, the quantity thereof, its valuation, and location with reference to village, school and fire

district. In this entry, *the parcel specified* is " one undivided
half of a soapstone or freestone quarry " ; its location, " on
the farm of L. H. Davis " ; its valuation, " $11,833," and
the quantity of the farm in which the quarry exists, " with
four acres of land." This last is the only expression about
which any doubt can be entertained. It may bear the con-
struction that the quarry was intermingled with four acres
of the farm belonging to L. H. Davis, which expresses ex-
actly the fact, and defines the quantity and extent of the
quarry. It could be given the construction claimed by the
defendant, as four acres of land in addition to the quarry.
In such case, however, we should expect the word " with"
would be replaced by the word " and." To a man like the
defendant, who knew the situation of the quarry and his
title therein, and who is presumed to know the requirements
of the statute which the listers were to meet in making the
entry, the entry ought not to be misleading. It clearly
specifies the parcel assessed to be the quarry. It locates the
quarry on the farm of L. H. Davis, or on land owned by
him. It defines its extent and quantity as " with four acres "
of that land. Other forms of expression might have been
used which would have been more clear and freer from
doubt. The law is to be administered by common men,
men of judgment in regard to property and its value ; not
expert linguists. The space allowed for an entry is con-
tracted, and does not admit of so full expression as reasona-
bly would be required in a conveyance of the property. It
is sufficient if it can reasonably be construed as covering the
tax payer's interest, and no more. Where his interest is on
record, as it was in this case, it is to be presumed the listers'
entry was meant to cover that interest and no more, if it can
reasonably be given that construction. This exception is
not sustained.

II. The defendant is a resident of Iowa. The town
treasurer seasonably sent him, by mail, a notice, naming a

time and place when and where he would be present to re-
ceive the tax assessed against the defendant.   On the trial,
without previously having called upon him or his attorney
to produce the notice sent, the defendant not being present
at the trial, the court allowed, against his exception, a man-
ifold copy of the notice sent, to be given in evidence.   In
*Colling* v. *Trewick* (6 B. & C.), 13 E. C. L. 183, Bagley,
J., says :

"There are three descriptions· of cases where notice to
produce an instrument is unnecessary :   First, where the
instrument produced and that to be proved are duplicate
originals ;  secondly, where the instrument to be proved is a
notice, as a notice to quit, or a notice of the dishonor of a
bill of exchange ;   * * *  and third, where, from the nature
of the suit, the opposite party must know that he is charged
with the possession of the instrument."

Where the instrument to be produced is a notice, *Kine* v.
*Beaumont*, 3 B. & B. 288, is cited, in which it was held that
the copy of an original letter giving notice of the dishonor
of a bill, without notice to produce the original letter, was
admissible, Dallas, C. J., saying that he could not see any
great difference between a duplicate original and a copy
made at the time.   To the same effect is 1 Greenl. Ev., s.
561 ; *Bank* v. *Chapin*, 3 Pick 180 ;  *Quinley* v. *Atkins*, 9
Gray 370 ;  Stephen's Dig. Law of Ev., Ar. 92 ;  1 Thomp.
Tr., s. 775.   The last author cites *Eirenhart* v. *Slaymaker*,
14 Seg. & R., 153, in which Gibson, C. J., said :

"Every written notice is, for the best of all reasons, to be
proved by *a duplicate original*, for if it were otherwise, the
notice to produce the original could be proved only in the
same way as the original notice itself, and thus a fresh ne-
cessity would be constantly arising, *ad infinitum*, to prove
notice of the preceding notice."

This rule is established on reason and authority.   The
manifold copy was properly admitted.   Parol evidence
would also have been admissible to establish the giving of

notice if no manifold copy had been taken.    *Bentley* v. *White*, 54 Vt. 564.

III.   The testimony offered by the defendant, and excluded against his exception, bore upon the manner in which the listers reached their judgment, in regard to the value of the defendant's interest in the quarry.   From the listers' entry on the grand list they assessed the value of that interest as real estate, and not as a debt due him on a redeemable lease.   Their assessment was made upon the basis required by the law.   That assessment was in the nature of a judicial determination of its value, and unappealed from to the board of civil authority in the manner provided by law (R. L.. 297, 298), concluded further hearing in his behalf on that subject in other tribunals.   *Taylor* v. *Moore*, 63 Vt. 60 ; *Fulham* v. *Howe*, 60 Vt. 351 ; *Bullock* v. *Guilford*, 59 Vt. 516 ; *Weatherhead* v. *Guilford*, 62 Vt. 327.   The offered evidence was properly excluded.   No other questions are raised by the exceptions.

*Judgment affirmed.*