ALICE R. PHILLIPS *v.* CHARLES DEF. BANCROFT and CITY OF MONTPELIER.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 1, 1903.

*Collection of taxes—Injunction—Fraudulent assessment— Jurisdiction.*

The determination of the board of civil authority on an appeal from the decision of the listers is a final judgment, not subject to collateral attack; and equity will not interfere to restrain the collection of the taxes, upon allegations of fraud relating solely to the action of the listers in making the original assessment.

APPEAL IN CHANCERY.    Heard on defendant's demurrer to the bill, at the March Term, 1903, Washington County, *Stafford,* Chancellor.    *Pro forma* decree sustaining the demurrer and dismissing the bill.    The oratrix appealed.

*Edward H. Deavitt* for the oratrix.

The oratrix is entitled to equitable relief.    Cooley Tax., 219, 784, 785; Spelling Ex. Rel., s. 641; Judson Tax., ss. 466, 473, 553; and cases cited by these authors.

It is the allegation of fraud which gives this Court jurisdiction.    *Railroad Co.* v. *Cole,* 57 Ill. 591; *DuPage County* v. *Jenks,* 65 Ill. 75; *Lefferts* v. *Supervisors,* 21 Wis. 688; *Railroad* v. *Nolan,* 48 N. Y. 513; *State* v. *Railroad Co.,* 7 Nev. 99; *Howes* v. *Bassett,* 56 Vt. 141; *Pelton* v. *Bank,* 101 U. S. 143.

*Frederick P. Carleton* for the defendants.

The oratrix has an adequate remedy at law. *Babcock* v. *Granville*, 44 Vt. 325; *Henry* v. *Chester*, 15 Vt. 460; *Allen* v. *Burlington*, 45 Vt. 202.

If the listers acted fraudulently she has an action against them. *Fuller* v. *Gould*, 20 Vt. 643; *Wheeler* v. *Marsh*, 34 Vt. 352.

Her allegations of fraud do not entitle her to equitable relief. Cooley Tax., 760.

WATSON, J.    The oratrix, a resident of Montpelier, seeks an injunction against the collection of taxes assessed against her by the city of Montpelier on the list of 1902. It is contended that the allegations in the bill show such a fraudulent assessment by the listers in making up her list as renders the list, and consequently all taxes assessed thereon, invalid; also that, by reason of the fraud thus shown, a Court of equity has jurisdiction, and in such circumstances an injunction will issue. The allegations in substance are that the oratrix omitted to make out, swear to, and deliver an inventory to the listers for the sole reason that she owned no property there taxable; and that the listers, without making any demand on her for such inventory, made up her list by assessing her the sum of five thousand dollars, thereby making her list fifty dollars. The bill then contains allegations upon which the oratrix relies as showing the fraudulent acts of the listers in making the assessment. The bill further shows that after the list was so made, the oratrix was given notice thereof as the law requires, and she, feeling aggrieved by the action of the listers and their appraisal, appeared before them for hearing thereon; but upon such hearing they refused to make any change in the list thus made, that thereupon the oratrix appealed to the board of civil authority; and that a hearing was had before this board and,

the actions of the listers in the premises were sustained by it.

Under the provisions of the law, a person who feels aggrieved by the action of the listers and desires to be heard by them, may have such hearing. The listers shall "hear persons aggrieved by their appraisal or by any of their acts, until all applications are heard and decided, and correct the list accordingly." V. S. 427, 428, 451. But when a person's list is made under the provisions of section 424, the listers shall have no power to reduce the same below the amount made by doubling the appraisal as therein provided. The board of civil authority is given appellate jurisdiction of the matters thus heard by the listers, and it "shall hear and determine such appeal, and shall order the list to be corrected accordingly." V. S. 429. But no relief can be had by a person before it unless it is satisfied that he has not wilfully violated any of the provisions of V. S. Ch. 29, which relates to grand lists.

The action of the listers in making the assessment and in the hearing before them was judicial, and, unappealed from, constituted a judgment. But on appeal the questions were open to be heard by the board of civil authority upon such evidence as should be adduced before it.

That questions regarding the acts of the listers of which the oratrix now complains were within the jurisdiction of the board of civil authority on appeal is not questioned. Indeed, the allegations of the bill are that a hearing was had before said board upon these questions, and that it voted and determined to sustain the action of the listers in making up the oratrix's list. No further appeal is provided for by statute. It follows that the determination of the board of civil authority in the premises is a final judgment, not subject to collateral attack. *Weatherhead* v. *Guilford*, 62 Vt. 327, 19 Atl. 717; *Fulham* v. *Howe*, 60 Vt. 351, 14 Atl. 652.

The allegations of fraud relate solely to the actions of the listers in making the assessment.. No fraudulent acts by them subsequent to the assessment are alleged, nor by the board of civil authority at any time. There being no allegation to the contrary, the presumption is that at the hearing before the listers, and at the hearing before the board of civil authority, everything was rightly and duly performed, and that the decision of each board was well founded and its judgment regular. Broom's Leg. Max. 945.

When such hearings are had by a taxpayer, and the matters under consideration are honestly determined by the official boards in the faithful performance of their duties, allegations of fraudulent acts by the listers in assessing such taxpayer in making up his list under the provisions of section 424, in the first instance, are not sufficient to give a Court of equity jurisdiction. To enjoin the collection of these taxes is to enjoin the judicial determination of a tribunal that had jurisdiction to hear and determine the matters and things which entered into it,—the judgment on which the taxes were assessed. "The only question of fraud," says Mr. Story, "which is open to examination in a Court of equity, as a ground for enjoining the judgment of any Court having jurisdiction of the case, whether domestic or foreign, is such as intervened in the proceedings by which the judgment was obtained. All questions prior to the proceedings by which the judgment was obtained, are necessarily concluded by it." 2 Story Eq. Jur., sec. 1582. See, also, *Camp* v. *Ward,* 69 Vt. 286, 37 Atl. 747, 60 Am. St. Rep. 929; *Mayor, etc.* v. *Brady,* 115 N. Y. 599, 22 N. E. 237.

*The pro forma decree is affirmed and cause remanded.*