FRED N. BRALEY v. CITY OF BARRE.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed October 19, 1914.

*Taxation—Taxpayer's Inventory—Assessment by Listers—Conclusiveness—Reputation of Taxpayer.*

Listers act judicially, and they have authority, under P. S. 561, as amended by No. 45, Acts 1910, to reject a taxpayer's inventory and make up a new one for him, if they believe on reasonable grounds, and not as matter of caprice, that the taxpayer's inventory is not a full, true, and correct list of his taxable property.

In assumpsit to recover taxes paid under protest, plaintiff cannot attack the action of the listers, under P. S. 561, as amended by No. 45, Acts 1910, in assessing him $5,000 in addition to the amount shown by his submitted tax inventory, because the listers believed this too small, where it appears that the listers acted on the facts that three years before plaintiff inherited $28,080; that there were facts and circumstances tending to show his continued use and control of a comparatively large sum of money; and he refused to tell the listers what had become of the $28,080, and the action of the listers was, on appeal, affirmed on the same facts by the Board of Civil Authority and by the Commissioner of Taxes.

The fact that a taxpayer is generally reputed to be a man of means cannot be the basis of a judicial belief sufficient to authorize listers, under P. S. 561, as amended by No. 45, Acts 1910, to increase the amount shown by the taxpayer's inventory.

The affirmance on the same facts by the Board of Civil Authority and by the Tax Commissioner, on appeal by a taxpayer, of the action of the listers in increasing by $5,000 the amount of taxable property shown by the taxpayer's submitted inventory, means no more than that, in the judgment of the appellate tribunal, some of the facts precluded the relief asked by plaintiff.

ASSUMPSIT to recover taxes paid under protest. Heard on the agreed statement of facts on May 1, 1914, by the city court

of the city of Barre, *Scott*, Judge. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Erwin M. Harvey* for the plaintiff.

*Elwin L. Scott* for the defendant.

HASELTON, J.   This is an action of assumpsit, brought to recover of the defendant, city taxes paid to it in 1913 under protest. The case was heard in the city court of the city of Barre on an agreed statement of facts, and the court, *Scott*, Judge, rendered judgment on the agreed case for the defendant, The case comes directly to this Court on a bill of exceptions allowed the plaintiff.

The plaintiff in 1913 made out an inventory of taxable property consisting of real estate appraised at $3,800 and personal property of the value of $2,295.   The listers further assessed the plaintiff in the sum of $5,000, and the grand list of the plaintiff, as made up by the listers, consisted of the property shown by the plaintiff's inventory and the additional sum of $5,000 as above stated.

Facts on which the listers acted were these:   In 1910, a much larger sum than $5,000 had been decreed to the plaintiff in the settlement of an estate, and there were facts and circumstances tending to show the plaintiff's continued use and control of a comparatively large sum of money. The plaintiff refused to tell the listers what had become of the money left him as above stated.   The plaintiff appealed from the action of the listers to the Board of Civil Authority and from the action of that Board to the Commissioner of Taxes.   No facts not before the listers were disclosed on either appeal and on such facts no relief was granted to the plaintiff.

How far listers are authorized to examine a taxpayer. otherwise than by the interrogatories provided for by statute it is not necessary to inquire.

Listers act judicially, and these listers, in assessing the plaintiff for the additional $5,000, claimed to act under P. S. 561 as amended by No. 45 of the Acts of 1910, which gave them the authority they claimed if they believed, as a matter of judgment based on facts proper for consideration and not as a matter of caprice, that the plaintiff's inventory was not a full,

true and correct list of his taxable property; and the unexplained facts that they ascertained as to his acquisition and apparent use and control of a very considerable amount of money were enough to give them jurisdiction to take the action which they did.

The appellate tribunals to which the plaintiff appealed denied him relief, and entire regularity in their proceedings is conceded or at least is not questioned, although on appeal no new facts were shown. At any rate there is no ground on which the judgment of the final tribunal can be attacked by the plaintiff in this action of assumpsit. *Weatherhead* v. *Guilford,* 62 Vt. 327, 19 Atl. 717·; *Fulham* v. *Howe,* 60 Vt. 351, 358, 14 Vt. 652; *Bullock* v. *Guilford,* 59 Vt. 516, 520, 521, 9 Atl. 360; *Phillips* v. *Bancroft,* 75 Vt. 357, 359, 56 Atl. 9; *Grand Lodge* v. *Burlington,* 84 Vt. 202, 21, 78 Atl. 973.

In enumerating the facts upon which the listers acted the agreed case mentions that the plaintiff was generally reputed to be a man of means. We do not hold that such a reputation was a basis for a belief of a judicial character. *Howe* v. *Barrett,* 56 Vt. 141. But we consider that the agreed case, raises only the question of whether there were sufficient facts to give the listers jurisdiction in the premises. The final judgment was by an appellate tribunal which on the facts took the negative action of denying relief. This means no more than that in the judgment of the appellate tribunal there were some facts which stood in the way of the relief asked by the plaintiff.

We observe that there is absolutely nothing in the agreed case to indicate that the plaintiff's list was larger than it in fact should have been. Our statutes carefully provide methods for correcting wrong judgments of listers, and so fittingly give them a broad jurisdiction in the formation of a provisional list.

*Judgment affirmed.*