INTERNATIONAL HARVESTER COMPANY OF AMERICA v. A. W. ELFSTROM.[1]

June 7, 1907.

Nos. 15,162—(160).

**Evidence—Carbon Copies.**

The different numbers or impressions of a writing produced by placing carbon paper between sheets of paper and writing upon the exposed surface are duplicate originals, and either may be introduced in evidence without accounting for the nonproduction of the other.

[1]Reported in 112 N. W. 252.

Action in the district court for Chisago county to recover $115, and interest, on an alleged contract. The case was tried before Crosby, J., and a jury, which rendered a verdict in favor of plaintiff for $116.47. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*George S. Grimes,* for appellant.

The court erred in admitting in evidence, and in refusing to strike out, exhibit A, a carbon copy of the contract. Exhibit A was not the best evidence. The original contract was in existence. Even conceding that it was competent primary evidence, it was incumbent upon plaintiff to show by competent testimony that this exhibit was a correct copy made at the same time and by the same impression as the original. No such foundation was laid. All the witnesses agree that this exhibit was not a correct copy or impression of the original.

*Buffington & Buffington,* for respondent.

Instruments signed in duplicate are both originals. And where a contract is executed in duplicate or triplicate form the parts are denominated duplicate or triplicate originals, the one as much so as the other. It does not require in order to introduce one of the duplicates that notice should be given to produce the other. They are all primary evidence. 1 Elliott, Ev. § 208; 1 Greenleaf, Ev. § 561; 1 Jones, Ev. § 208; Totten v. Bucy, 57 Md. 446; Lewis v. Payn, 8 Cow. 71; Weaver v. Shipley, 127 Ind. 526; Gardner v. Eberhart, 82 Ill. 316; Hubbard v. Russell, 24 Barb. 404; Barr v. Armstrong, 56 Mo. 577; Cleveland v. Perkins, 17 Mich. 296; Roe v. Davis, 7 East, 362; Crossman v. Crossman, 95 N. Y. 145, 148; 2 Wigmore, Ev. § 1232.

ELLIOTT, J.

This was an action brought to recover upon a written contract for the purchase price of a certain McCormick binder, which the plaintiff claimed it sold and delivered to the defendant. The jury returned a verdict in favor of the plaintiff, and the appeal is from an order denying the alternative motions for judgment in favor of the defendant notwithstanding the verdict or for a new trial.

Upon the appeal it is claimed that the action was prematurely

brought, that the defendant renounced the contract before any delivery or attempted delivery was made, and that no delivery of the binder was in fact ever made. None of these questions were raised in the court below, and cannot be considered for the first time in this court.

The parties submitted two questions to the trial court: (1) Was the machine which was delivered the kind of machine which had been ordered by the defendant? and (2) was the purchase price due upon delivery, or not until October 1, 1906? No question was raised as to the delivery of a machine, and the defendant testified that a McCormick binder was delivered to him. The court charged the jury: "It is conceded the machine that was delivered was a right-hand machine, and if it was expressed in the contract it was to be a left-hand machine, then they did not deliver the property that they agreed to deliver, and the defendant is not bound to pay for it. But bear in mind, gentlemen of the jury, that this language must appear in that contract which is in here, and it is a question for you to determine. If nothing was said in that contract whether it was to be a left-hand or a right-hand machine the machine that was delivered in that regard would satisfy the contract—would be a perfect contract on the part of the plaintiff." No exception was taken to this instruction.

The court also submitted the question whether the contract provided for payment on delivery, or not until October 1, 1906, and upon this issue the jury found for the plaintiff. The motion for judgment notwithstanding the verdict was therefore properly denied.

The remaining question relates to the reception in evidence of what the appellant claims was a mere copy of the contract without having first accounted for the absence of the original. This presents an interesting and somewhat novel question, but which, by reason of the introduction of labor-saving devices in modern offices, is liable to arise more frequently in the future. A sheet of carbon paper was placed between two sheets of order paper, so that the writing of the order upon the outside sheet produced a fac-simile upon the one underneath. The signature of the party was thus reproduced by the same stroke of the pen which made the surface, or exposed, impression. In State v. Teasdale, 120 Mo. App. 692, 97 S. W. 996, it was held that a carbon copy of a letter was not admissible in evidence until the original letter from which it was made was accounted for. The signature would not, under or-

dinary circumstances, appear upon the carbon copy of such a letter. In Chesapeake v. Stock, 104 Va. 97, 51 S. E. 161, it was held that a carbon copy made at the same time and by the same impression of type may be regarded as a duplicate original of the letter itself and admitted in evidence without notice to produce the letter. We think this view can be sustained, and that a clear distinction exists between letterpress copies of writings and duplicate writings produced as was the contract in the case at bar. It is well settled that, where a writing is executed in duplicate or multiplicate, each of the parts is the writing which is to be proved, because by the act of the parties each is made as much the legal act as the other. Crossman v. Crossman, 95 N. Y. 145, 148; Hubbard v. Russell, 24 Barb. 404, 408; Lewis v. Payn, 8 Cow. 71, 18 Am. Dec. 427; Jackson v. Denison, 4 Wend. 558; Barr v. Armstrong, 56 Mo. 577, 586; Weaver v. Shipley, 127 Ind. 526, 27 N. E. 146; Cleveland v. Perkins, 17 Mich. 296; Philipson v. Chase, 2 Camp. 110. It is very generally held that a reproduction of a writing by a letterpress cannot be considered as a duplicate. 2 Wigmore, Ev. § 1234, and cases there cited; Menasha v. Harmon, 128 Wis. 177, 107 N. W. 299.

The distinction between letterpress copies and instruments produced by the use of carbon paper, as in this instance, seems reasonably clear and satisfactory. What makes two numbers of an instrument duplicates and equivalents is the fact that the legal act of the parties as consummated embraces them both. Letterpress copies are produced by an act distinct from and subsequent to the consummation of the legal act of execution. It may or may not be the act of the parties to the contract. We know from common experience that such copies are ordinarily produced by the labor of clerks and other employees, and that the results are not always satisfactory. But all the numbers of a writing which result from the completion of the legal act of the parties, although aided by mechanical devices or chemical agencies, meet the requirements of originals. If the reproduction is complete, there is no practical reason why all the products of the single act of writing the contract and affixing a signature thereto should not be regarded as of equal and equivalent value. In this instance the same stroke of the pen produced both signatures. The argument that the recognition of these instruments as duplicates would encourage fraudulent practices does not touch the principle involved.

The order of the district court is affirmed.