PHILLIPS, Guardian *ad litem,* Appellant, vs. EGGERT and others, Respondents.

*October 15—November 5, 1907.*

*Evidence: Competency: Persons bound by admissions: Principal and surety: Value: Vessels: Maritime liens: Enforcement: Procedure: Attachment: Property liable: Admiralty jurisdiction.*

1. In an action for breach of a sheriff's bond, brought against the sheriff and his sureties, in permitting an attached vessel to be taken from his custody, his return upon the writ of attachment stating that the vessel was the property of the defendant named

in the writ is an admission of a fact against his interest, made in the course of his official business, and *prima facie* and competent evidence of such fact, both against the sheriff and the sureties on his bond.

2. In such action a witness testified that he was acquainted with the value of like vessels, had examined the attached property, and that it was worth a certain sum. *Held*, in the absence of evidence to the contrary, that such testimony was competent *prima facie* evidence of the value of the debtor's interest in the vessel.

3. Sec. 3348, Stats. (1898), and its accompanying sections following, giving a lien upon vessels for certain demands against the owners, and providing for the enforcement or foreclosure of such liens by a special form of attachment in a personal action against the owner, neither expressly nor impliedly provide that such remedy shall be exclusive nor forbid the seizure of a defendant's interest in a vessel on a writ of attachment issued under the general provisions of law authorizing the issuance of such writs in other actions.

4. All property, within this state, of a defendant named in a writ of attachment, not exempt from execution, is liable to seizure upon such a writ, and the fact that the property may consist of a vessel on the Great Lakes makes no difference.

5. The seizure of a vessel on the Great Lakes under a writ of attachment, issued in an ordinary action in the courts of Wisconsin, is not an invasion of the exclusive jurisdiction of the admiralty courts of the United States, because the vessel itself is not proceeded against. It is simply the reaching of property rights in the vessel by attachment in a personal action against the owner, a common-law remedy preserved by the admiralty law itself.

6. In an action on a sheriff's bond for permitting an attached vessel to be taken from his custody, a recital of the judgment in the main action of the attachment proceedings, introduced in evidence, that personal service of the summons had been made on the defendant therein, is *prima facie* evidence of that fact, and sufficient to prove that the judgment in the attachment action was based on due service of process.

7. In an action on a sheriff's bond for permitting an attached vessel to be taken from his custody, the evidence, stated in the opinion, is *held* ample to take to the jury the question whether the sheriff lost possession by reason of negligence.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an action for breach of a sheriff's bond, brought against the sheriff (the defendant *Eggert*) and his sureties. The breach alleged was that the sheriff, having seized the steamship Portage lying in the harbor of Manitowoc upon an *alias* writ of attachment issued out of the circuit court for Brown county in a tort action brought by the plaintiff against the Portage Transit Company (a foreign corporation), negligently allowed the boat to be removed from his custody and thus rendered uncollectible a judgment of $2,537.72 which the plaintiff subsequently obtained in said action. The defendants by answer admitted the formal levy of the attachment upon the boat, denied knowledge or information as to whether said boat was the property of the transit company, and alleged that the sheriff was told by the plaintiff's attorney at the time of the levy that it would not be necessary to place a watchman or deputy on board; that the boat was properly fastened to the wharf, and that it was so large that nothing further could be done in the way of securing or holding it; that the boat was taken away in the nighttime without the sheriff's knowledge; that he had made diligent but unsuccessful search for it, and believed that it had been taken out of the jurisdiction of the court, and that he had exercised due care and diligence in attaching and keeping the property, and acted at all times in obedience to plaintiff's instructions. The answer further alleged that the steamer was a licensed freight-carrying steamer upon the Great Lakes and not subject to attachment under the marine laws of the United States.

The action was tried before a jury, and it appeared that after receiving a bond of indemnity the sheriff made a formal attachment of the boat while it was being unloaded at the wharf, and served the summons and attachment papers on the captain, but placed no custodian on board; that the boat remained at the dock two or three days and he saw it, but that it was taken away without his knowledge in the night.

The sheriff testified that at the time of making the levy he said to the plaintiff's attorney that if he (the attorney) deemed it necessary to place a watchman or deputy on board to secure his control he would do so, but that the attorney said that it would not be necessary. This was denied by the attorney. The writ of attachment in the main action, with the return thereon, was received in evidence. By the return the sheriff stated that on the 28th of September, 1906, he attached the steamer and its equipment, "which ship and other property above named are all the property of the defendant named in said writ;" that on the same day he served the writ, affidavit, and undertaking upon the defendant "by reading the same to W. J. Cowles, the master of said ship, and by virtue of that office an agent of the defendant foreign corporation having charge of and conducting business therefor in this state, and to me known to be such agent, and delivering to and leaving with him a true and correct copy of each." The judgment in the main action was also received in evidence, showing that the plaintiff recovered judgment by default against the defendant in an action of tort December 3, 1906, for $2,537.72, and recites that the summons had been "personally served on said defendant as appears by the return of the sheriff now on file." No other parts of the record in the main action were offered in evidence, except the attachment papers, as above stated. It was further proven that execution had been issued on the judgment and returned unsatisfied. The plaintiff's attorney testified that he was familiar with the value of boats and examined the steamer in question, and that it was worth at least $25,000. He further testified, subject to objection, that the captain of the boat stated at the time of the seizure that it belonged to the defendant and the defendant was operating it.

Both plaintiff and defendants moved for a directed verdict, and the court granted the defendants' motion, on the grounds (1) that there was no competent evidence that the defendant

in the attachment action owned the boat; (2) that there was no competent evidence of the value of its interest if it had any; and (3) that there was no evidence that the plaintiff in the attachment action received the injuries for which he sued in that action upon the boat, or that they were inflicted by the boat within the meaning of subd. 4, sec. 3348, Stats. (1898). The plaintiff appeals from judgment for defendants upon the verdict.

· For the appellant there were briefs by *M. E. Davis,* attorney, and *John E. Tracy,* of counsel, and oral argument by *Mr. Davis.*

· For the respondents there was a brief by *Burke & Craite* and *Hougen & Brady,* and oral argument by *Isaac Craite.* They contended, *inter alia,* that the sheriff in doing what he did to make a levy and to effect an attachment of the boat acted directly under the instructions of the plaintiff by his attorneys, and the plaintiff cannot complain of what the sheriff did or failed to do. *Wood v. Bodine,* 32 Hun, 354; *Muir v. Orear,* 87 Mo. App. 38; *Tucker v. Bradley,* 15 Conn. 46; *State v. Gemmill,* 1 Houst. (Del.) 9; *Simmons v. Steamer R. White,* 21 La. Ann. 590; *Kimball v. Davis,* 19 Me. 310; *Barnard v. Ward,* 9 Mass. 269; *Coggeshall v. Varnum,* 19 Pick. 422; *Peirce v. Partridge,* 3 Met. 44; *State v. Rayburn,* 50 Mo. App. 683; *Ranlett v. Blodgett,* 17 N. H. 298, 43 Am. Dec. 603; *Smith v. Judkins,* 60 N. H. 127; *Smith v. Smith,* 60 N. Y. 161; *Douglas v. Haberstro,* 25 Hun, 262; *Hampton v. Boylan,* 46 Hun, 151.

WINSLOW, J. The trial judge concluded that there was no competent evidence that the transit company owned the boat which was levied on, nor of the value of its interest if it had any; but we are entirely unable to agree with these conclusions. The sheriff's return upon the writ of attachment, which was introduced in evidence, states positively that the steamer and its equipment were the property of the defendant

named in the writ. This was an admission by the defendant sheriff of a fact against his interest, made in the course of his official business, and was, upon well-understood principles, *prima facie* evidence of such fact, both against the sheriff and against the sureties on his bond. 2 Brandt, Suretyship (3d ed.) §§ 796–799. There was, therefore, competent evidence that the boat was the sole property of the transit company, which was entirely sufficient until overcome by proof to the contrary, and there was in fact no such proof. There was also evidence by a witness who testified that he was acquainted with the value of such property and had examined the boat in question, to the effect that in his judgment it was worth $25,000, and there was no evidence to the contrary. It follows, therefore, that there was competent *prima facie* evidence upon both propositions.

The third ground upon which a verdict for the defendants was directed was in effect that the plaintiff had not shown that the cause of action upon which he sued in the attachment action was one of the causes of action named in sec. 3348, Stats. (1898). The court evidently assumed that there could be no valid attachment of a boat except for a cause of action named in the section cited. This conclusion was also erroneous. That section and its accompanying sections following were passed for the purpose of giving a lien upon ships, boats, and vessels for certain demands against the owners, and providing for the enforcement or foreclosure of such liens by a special form of attachment in a personal action against the owner. The legislature might just as well have provided that such liens should be perfected and enforced by an action in equity as by attachment. There is neither express nor implied provision anywhere to the effect that this remedy shall be exclusive, or that a man's interest in a boat or vessel shall not be subject to seizure on a writ of attachment issued under the general provisions of law authorizing the issuance of such writs in other actions. All

property in the state of the defendant named in the writ, not exempt from execution, is liable to seizure upon a writ of attachment. Sec. 2738, Stats. (1898). The fact that the property may consist of an interest in a vessel makes no difference. Such a seizure is not an invasion of the exclusive jurisdiction of the admiralty courts of the United States, because the vessel itself is not proceeded against. It is simply the reaching of property rights in the vessel by attachment in a personal action against the owner, and this is a common-law remedy preserved by the admiralty law itself. Subd. 8, sec. 563, R. S. U. S. [U. S. Comp. Stat. 1901, p. 457]; *Warehouse & B. S. Co. v. Galvin,* 96 Wis. 523, 71 N. W. 804; *Reynolds v. Nielson,* 116 Wis. 483, 93 N. W. 455; *The Moses Taylor,* 4 Wall. 411.

Thus all the reasons given by the court for directing a verdict for the defendants are shown to be in fact no reasons.

It is argued by the respondents that the record shows that there was no valid service of the summons upon the defendant transit company in the attachment action, and hence that no jurisdiction was obtained in that action and the judgment rendered was void. This contention is based upon the fact that the defendant *Eggert* testified that he served the summons and attachment papers on the captain of the boat at the time of the seizure, and the claim is that the captain was not an agent of the transit company having charge of any business therefor, within the meaning of subd. 13, sec. 2637, Stats. (1898), and hence there was no service of summons. We are not required to decide and do not decide the question whether such service was a valid service or not. The judgment in the main action was introduced in evidence and recited that personal service of the summons had been made on the defendant. This recital was *prima facie* evidence of the fact. Neither the summons itself nor the return was introduced in evidence, and the fact that the sheriff served the

summons on the captain, even conceding that this was insufficient, does not necessarily prove that service was not duly made on the corporation itself in some other way. So there was sufficient proof that the judgment in the attachment case was based upon due service of process.

There was certainly ample evidence to go to the jury upon the question whether the sheriff lost possession of the boat by reason of negligence. Crocker, Sheriffs (3d ed.) § 855. The question whether the plaintiff's attorney consented that no watchman or deputy be placed on the boat was in dispute, and has not been decided.

*By the Court.*—Judgment reversed, and action remanded for a new trial.