# FEDERAL UNION SURETY COMPANY ET AL. *v.* INDIANA LUMBER AND MANUFACTURING COMPANY.

[No. 21,967.    Filed October 10, 1911.]

1. EVIDENCE. — *Sales.* — *Memoranda.* — *Triplicate Statements.* — Where a parol order for lumber was taken by plaintiff's clerk and was reduced to writing, given to a yard clerk and by him to a loader, who returned it to the clerk who made a triplicate copy thereof setting out the names of the clerk receiving the order, the name of the person checking the load, the name of the driver, the place of delivery, the number of pieces, the kind and dimensions thereof, the number of feet, the price of the several kinds and the total price, one of such triplicates being delivered to the customer, any of such triplicates is admissible in evidence, as a part of the *res gestae*, in an action for the value of the lumber sold, for the purpose of showing the amount of lumber sold. pp. 330, 332.

2. EVIDENCE.—*Triplicate Writings.—Notice to Produce.*—Where triplicate writings are made at the same time and by the same process, they are all regarded as originals; and it is useless and unnecessary to give notice to the defendant to produce the one in defendant's possession. p. 331.

3. EVIDENCE.—*Sales.—Memoranda.—Witnesses.—Rrefreshing Memory.*—A teamster who delivered lumber to a customer may testify as to the delivery thereof; and may refresh his memory by using a slip made by his employer's clerk showing the particular kinds of lumber delivered. p. 332.

4. EVIDENCE.—*Admissions.—Indebtedness.—Sureties.*—In an action against the surety of a contractor, evidence of admissions of the contractor is admissible showing that he promised to mail a check as soon as the contract was completed. p. 332.

5. EVIDENCE.—*Opinions.—Experts.—Value of Lumber.*—One who has been a dealer in lumber all his business life is competent to give an opinion as to the value of the lumber in controversy; and such value is a proper subject for expert evidence. p. 333.

From Laporte Circuit Court; *John C. Richter*, Judge.

Action by the Indiana Lumber and Manufacturing Company against the Federal Union Surety Company and an-

other. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Osborn, McVey & Osborn, Carson, Thompson & Dowden* and *F. H. Wurzer,* for appellants.

*F. J. Lewis Meyer,* for appellee.

MORRIS, J.—Appellee filed its complaint in the Saint Joseph Circuit Court against Peter Suzio and appellant Federal Union Surety Company, on a city sewer bond, executed by appellant as surety for contractor Suzio. The venue was changed to the Laporte Circuit Court. Service of summons was never obtained on Suzio. Appellants filed answers, and the cause was tried on the issues formed by said answers. There was a special finding of facts made by the court, and conclusions of law stated thereon. Appellants excepted to each conclusion of law. Judgment was rendered against appellants for $842.

Appellants filed a motion for a new trial, alleging therein that the decision of the court is contrary to law and is not supported by sufficient evidence, and that the court erred in certain instances in the admission and exclusion of evidence. This motion was overruled.

The errors assigned and discussed in appellants' brief, relate only to the action of the court in admitting certain evidence, and to the sufficiency of the evidence to support the judgment.

In November, 1903, a contract was executed by Peter Suzio, contractor, and the board of public works of the city of South Bend, by the terms of which Suzio agreed to construct a certain sewer in that city, and to pay for all "material used in said work." It was also provided in the contract that the city might reserve out of any allowance made on any estimate in favor of the contractor so much as might be necessary to pay materialmen for material furnished by them. Accompanying the contract, and attached thereto, was

a bond executed by Suzio, as principal, and appellant Federal Union Surety Company as surety, in the penalty of $17,500, for the faithful performance of the contract by the principal.

The complaint was for the value of lumber furnished by appellee to Suzio, and to be used by him in constructing the sewer.

Appellee was engaged in the lumber business in South Bend. After getting the contract, Suzio informed appellee that he would need lumber to use in constructing the sewer. Appellee quoted prices, and it was agreed that it should furnish the lumber as it was needed in the work. The orders for the lumber were given by Suzio at various times, usually over the telephone. The method used by appellee in transacting the business was as follows: When one of appellee's agents received an order from the contractor, he wrote on a small order-blank the substance of the order. This slip was given to the yard clerk, who, in turn, gave it to a loader. The loader put the material on the wagon, and returned the slip to the yard clerk. Before the load was delivered, the clerk made, on a machine called an autographic register, three "original slips." These slips were on printed blanks, with appropriate headings, and when filled out showed the name of the employe who received the order, the name of the person who ordered the lumber, the name of the employe who checked the load, the name of the driver who was to deliver it, and the particular point of delivery; under a heading "Quantity," the number of pieces of lumber was stated; under the heading "Description," the kind and dimensions of the pieces were written; under a heading of "Feet," the number of feet was stated; under the heading of "Price," the price per thousand feet of each kind of lumber ordered was written; under the heading "Amount," the charge for the lumber was stated, and where more than one kind was ordered these charges were added and the total amount stated. In filling out these blanks, the machine made three exact copies by one impres-

sion, and automatically numbered them. One of these "original slips" was given to the driver, who delivered it to the contractor when he delivered the lumber. The contractor examined the slip as the lumber was unloaded. In this case there were forty-three deliveries of lumber. Appellee retained two of the three "original slips," and also the original written memorandum made by the employe receiving the order, and placed it on its files.

Over appellants' objection, the court admitted in evidence one of each of the two "original slips" retained in its office by appellee. Appellants contend that this was error, because the original written memorandum, retained by appellee, was the best evidence, and that the register slip was but a copy of the original memorandum.

This position is not tenable. The original written memorandum stood on the same footing as a shop-book entry, and would not ordinarily have been admissible, over proper objection. The register slip was admissible, however, because it, or a triplicate original thereof, was delivered to the contractor with the lumber, as a part of the same transaction, and was admissible to prove the kind and quantity of lumber delivered to the contractor. It was not necessary, in this case, to account for the slip delivered to the contractor before offering the copy thereof retained by appellee. Each of the three slips was printed by a single mechanical impression. There is a distinction between letterpress copies of writing, and triplicate writings produced as was

2.   the slip in controversy. The law does not require the doing of unnecessary things. The slip delivered to the contractor was of necessity exactly like the slip admitted, and may be regarded as a triplicate original, and no useful purpose would be subserved by requiring a notice for the production of the slip delivered to the contractor. *International Harvester Co.* v. *Elfstrom* (1907), 101 Minn. 263, 112 N. W. 252, 12 L. R. A. (N. S.) 343; *Wright* v. *Chicago, etc., R. Co.* (1906), 118 Mo. App. 392, 94 S. W. 555; *Cole* v. *Ell-*

*wood Power Co.* (1907), 216 Pa. St. 283, 65 Atl. 678; *Virginia-Carolina Chemical Co.* v. *Knight* (1907), 106 Va. 674, 56 S. E. 725; *Waterman* v. *Davis* (1894), 66 Vt. 83, 28 Atl. 664; *Gardner* v. *Eberhart* (1876), 82 Ill. 316; *Rex* v. *Watson* (1817), 2 Starkie 104, 116.

Appellant maintains that these original slips were in effect the same as shop-book entries, and therefore were not admissible. This assumption is not well founded. One of these original slips was delivered to the principal at the time the lumber was delivered, and was therefore admissible as a part of the *res gestae*. *Heady* v. *Brown* (1898), 151 Ind. 75; *Fleming* v. *Yost* (1894), 137 Ind. 95; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 19 L. R. A. 733.

One of the witnesses, Josiah Cline, was a lumber hauler for appellee. He testified that he delivered a number of loads of lumber to the contractor. He testified that in some instances he examined the original slip to see if the load contained the lumber described in the duplicate slip, but usually the contractor or his foreman checked the slip as the lumber was unloaded. He was handed a slip of a certain number, and asked if he remembered delivering a load of lumber represented by the slip. He said he did. The court permitted him to refer to the slip to refresh his recollection, and then asked him to state the number of pieces, the dimensions, and the kinds of lumber he unloaded from the wagon at the sewer on a certain date.

Appellant asserts that this was error, because it was shown that the witness did not make the slip, or verify it, and was not present when it was made out. The court did not err in permitting the witness to refresh his recollection from the slip.

Forrest Hillier, treasurer of appellee company, testified that as often as once a month he presented to Suzio a bill. He testified that the last time he presented the monthly bill "was about the time of the completion

of the sewer.'' He was then permitted to testify that at that time ''Mr. Suzio told me that as the job was about completed, he would mail me a check as soon as the job was completed.'' This was admitted over the objection of appellant, that ''Suzio is not a party to this suit, and any conversation had between the witness and Suzio would not be competent evidence against the defendant.''

This was not error. It was an admission of some liability, made by the principal against his interest, in the course of the business provided for in the bond, and was *prima facie* admissible against the surety in an action to which the principal was not a party. *Parker* v. *State, ex rel.* (1846), 8 Blackf. 292; *Nichols* v. *State, ex rel.* (1879), 65 Ind. 512; *Boone County Bank* v. *Wallace* (1862), 18 Ind. 82; *Foster* v. *Gaston* (1890), 123 Ind. 96; Brandt, Suretyship and Guaranty §521; *Lancashire Ins. Co.* v. *Callahan* (1897), 68 Minn. 277, 71 N. W. 261, 64 Am. St. 475; *Phillips* v. *Eggert* (1907), 133 Wis. 318. 113 N. W. 686, 126 Am. St. 963; 16 Cyc. 1034.

Appellants claim there was error in admitting in evidence the opinion of one Hillier as to the value of the lumber delivered by appellee and used in the sewer work. The 5. ground of contention is that the witness was not properly qualified to give opinion evidence.

The record shows that the witness had been a lumber dealer all his business life, and was familiar with the lumber business in retail, contract and construction work, and had seen this lumber in controversy, after it was placed in the sewer construction work. We think his qualification as expert could not be questioned.

Appellants raise the further objection to the evidence of Hillier, that the value of the lumber used was not a proper subject for opinion evidence. There is no merit in this.

The evidence supported the decision of the court. The judgment should be, and is, affirmed.