## WILLIAM W. HUMPHREY v. MONIDA & YELLOWSTONE STAGE COMPANY.[1]

December 20, 1912.

Nos. 17,942—(55).

**New trial.**

    The trial court did not abuse its discretion in denying defendant's motion for a new trial.

After the former appeal, reported in 115 Minn. 18, 131 N. W. 498, defendant moved for a new trial on the ground of newly discovered evidence. From an order denying the motion, Orr, J., defendant appealed. Affirmed.

*James R. Hickey* and *James R. Martin,* for appellant.

*Edward B. Graves, Martin H. Albin* and *Marcus D. Munn,* for respondent.

START, C. J.

This is the second appeal in this case, and is one from an order of the district court of the county of Ramsey denying the defendant's motion for a new trial on the ground of newly discovered evidence.

The action was commenced in July, 1908. The complaint alleged that the plaintiff, a stockholder of the defendant, advanced to it $2,500 to be used in the payment of its debts, which it promised to pay on demand at any time after it was financially able to do so. These allegations were denied by the answer. On the trial of the action the plaintiff gave evidence tending to show that he advanced to the defendant $2,500, which was to be repaid. The defendant admitted that it received from the plaintiff the sum of $2,500, but introduced evidence tending to show that it never received any money from the plaintiff as an advancement or loan, as he claimed; that the money received by it was in payment of 25 shares of its unissued capital stock, then issued to a third party at the plaintiff's request. The plaintiff in turn claimed in effect that the stock so

[1] Reported in 139 N. W. 132.

issued was his own, for which he had not received a certificate; hence the number of shares of stock the plaintiff was entitled to and the number issued to him became material. He claimed that he was entitled to 230 shares of stock, while the defendant claimed that he was entitled only to 80 shares, which were issued to him long before it received from him the $2,500 in payment of the 25 shares of treasury stock. These respective claims of the parties were submitted to the jury, and on April 29, 1909, a verdict was returned for the plaintiff for the amount claimed. The defendant then made a motion for judgment notwithstanding the verdict or a new trial, which was denied, and the defendant appealed to this court from the order denying the motion. This court affirmed the order. See 115 Minn. 18, 131 N. W. 498. The case was remanded, and on December 16, 1911, more than two years and seven months after the verdict was returned, the motion for a new trial was made on the ground of newly discovered evidence.

It appears from the moving papers on the motion for a new trial that, while the first appeal was pending, an equity action, in which the parties were the same as in this action, was commenced in the district court of the county of Ramsey for the purpose of having it adjudged that the plaintiff was the owner of 80 shares of the capital stock of the defendant, and to compel it to issue to him a certificate therefor. This equity action was tried by the court without a jury, and resulted in findings of fact and the conclusion of law that the plaintiff was not the owner of the 80 shares of stock, and that the defendant was entitled to judgment in its favor on the merits. On the trial of the equity action, the defendant introduced a written agreement between the plaintiff herein and F. J. Haynes, as partners under the firm name of Humphrey & Haynes, and W. Seward Webb, whereby it was agreed that 80 shares of the capital stock of the corporation, the defendant, to be organized, and which was later organized, to take over the property and business of the firm, should be issued to Mr. Webb. This agreement, if it had been offered on the trial of this action, would have been relevant and material evidence on the question as to the number of shares of the corporation the plaintiff was originally entitled to. It was not, however, offered in evi-

dence, and it constitutes, with certain telegrams, the principal item of the alleged newly discovered evidence.

The record in this case is practically conclusive that the existence of the agreement and telegrams was at all times known to F. J. Haynes, who had been the president and director of the corporation since its organization, and who signed the agreement and sent or received all of the telegrams, and, further, that a carbon copy of the agreement had been, for some years prior to the trial of this action, in the possession of the defendant or its president, Haynes. .It is not claimed by the defendant that this item of evidence is strictly newly discovered, but that it was not able by the exercise of due diligence to procure it before the trial of the action. This claim is based upon the affidavit of defendant's president, Haynes, and its attorney, to the effect that prior to the trial they each had made inquiries as to the whereabouts of Mr. Webb, with a view of obtaining from him the agreement referred to and his deposition, but were unable to do so. Whether the defendant exercised due diligence in the premises was a question addressed to the discretion of the trial judge.

It is quite significant that the record does not show why the defendant did not offer the carbon copy of the agreement in evidence, either as original or secondary evidence; the original being out of the jurisdiction of the court and in possession of a stranger to the action. See Kleeberg v. Schrader, 69 Minn. 136, 72 N. W. 59, and International Harvester Co. v. Elfstrom, 101 Minn. 263, 112 N. W. 252, 12 L.R.A.(N.S.) 343, 118 Am. St. 626, 11 An. Cas. 107. Nor is there any satisfactory explanation of the delay of two years and seven months after the verdict was returned in making the motion for a new trial on the ground of newly discovered evidence of which it had full knowledge before the trial commenced, or why this matter was not included in the original motion for a new trial.

All other items of newly discovered evidence relied upon in support of the motion for a new trial have been considered, and it is quite apparent from the record that the evidence might have been discovered and procured before the trial by the exercise of any kind of diligence. We therefore hold that the trial court did not abuse its discretion in denying the motion for a new trial.

Order affirmed.