S. A. LOCKWOOD v. L. & L. FREIGHT LINES, INC.

171 So. 236.
Opinion Filed December 11, 1936.
Rehearing Denied December 23, 1936.

*John O. Jackson* and *Evan T. Evans,* for Petitioner;
*Leo P. Kitchen* and *Dan R. Schwartz,* for Respondent.

DAVIS, J.—This is an application for a common law writ of certiorari to the Circuit Court of Duval County to quash a judgment of that court reversing a judgment of a subordinate court over which it exercises appellate jurisdiction.

The Civil Court of Record of Duval County admitted in evidence, as a duplicate original, a carbon copy of a letter purported to have been written by plaintiff to defendant, the introduction of which was deemed material to plaintiff's case. The defendant objected to the receipt of same in evidence on the ground that a mere carbon copy of a letter, kept by the addressor, cannot be considered a duplicate original of the primary copy of the same letter alleged to have been signed and forwarded by mail to the addressee, nor can the same be adduced in evidence over the objection of the alleged addressee, absent the laying of a proper foundation for the introduction of the carbon copy as secondary evidence of the original alleged to have been signed and sent by mail to the purported addressee. The trial court overruled the objection. The appellate court reversed because of same.

Where a writer desiring to preserve a copy of a letter writes at the same time two copies exactly alike, one a primary typewritten copy, and one a carbon copy, made simultaneously with the primary copy, through the same writing action of the typewriter, it is a matter of indifference, so far as the law of the evidence is concerned, which copy is signed and forwarded to the addressee and which is kept by the sender. The one sent becomes the original and the one kept is a mere copy, no matter by what force of evidence it is shown to be an absolutely accurate copy. McDonald v. Hanks, 52 Texas Civ. App. 140, 113 S. W. Rep. 604.

The situation is different from that where, by the intention of the maker of several writings, the execution of a primary typewritten copy of a writing in connection with one or more carbon copies of same made simultaneously therewith, amounts to one and the same act of signing the

whole, and contemplates that the carbon copies shall be considered as embraced in the act of making or signing, so that the primary and carbon copies may be said to have been intended by the writer to be of equal and equivalent value as evidence. Hopkins v. State, 52 Fla. 39, 42 Sou. Rep. 52. Compare: International Harvester Co. v. Elfstine, 101 Minn. 263, 112 N. W. Rep. 252, 118 A. S. R. 626, 12 L. R. A. (N. S.) 343, 11 Ann. Cas. 107.

In reversing the judgment for a new trial, the Circuit Court did not indicate what the basis of its judgment was in ruling as it did on the proposition of evidence relating to the challenged letter. One of the grounds of the objection appearing to have been interposed to the introduction of the carbon copy of the letter in evidence was that a foundation for its introduction as secondary evidence was not laid in accordance with the law of evidence obtaining in this jurisdiction. The transcript fails to show any such predicate, so the reversal by the Circuit Court was not contrary to the essential requirements of law.

Proof that a letter properly addressed and stamped was mailed in a U. S. post office is sufficient to raise a *prima facie* presumption of the receipt by the addressee of the letter so mailed, but does not dispense with the necessity of laying a proper predicate for introduction of secondary evidence of its contents when objection is made on that score.

Certiorari denied.

WHITFIELD, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.