120 So.2d 223 (1960)
Ray E. GREEN, Comptroller of the State of Florida, Appellant,
v.
L.S. HOOD, Appellee.
No. 1229.
District Court of Appeal of Florida. Second District.
May 4, 1960.
*224 Richard W. Ervin, Atty. Gen., Ralph M. McLane, and Joseph V. Barrs, Assts. Atty. Gen., for appellant.
Walter Warren, Leesburg, for appellee.
KANNER, Judge.
L.S. Hood, appellee, brought suit for an injunction against the Lake County sheriff to prevent his executing the collection of certain delinquent sales taxes due to be paid the state comptroller. The chancellor entered a decree pro confesso and subsequently a final decree against the sheriff, who interposed no defense. The comptroller moved to vacate the final decree on the ground that he was a necessary party. This motion was denied; and on appeal, the Supreme Court of Florida reversed the chancellor's ruling, holding that the comptroller was a necessary and indispensable party and remanding the cause for further proceedings not inconsistent with its opinion. Green v. Hood, Fla. 1957, 98 So.2d 488.
An amendment was then filed by Hood, bringing in the comptroller as a party defendant. The amendment was served on the comptroller, who thereupon moved to dismiss the case for want of jurisdiction since he had not been served with process nor with a copy of the original complaint. The court denied this motion, holding that the comptroller had brought himself within the court's jurisdiction through his motion to vacate and through his appeal.
On the jurisdictional question, the comptroller, in his initial motion to vacate and set aside the final decree, did not raise the fact of non-service of process and copy of the original complaint; but rather the basis of the motion was that the comptroller was a necessary party to the suit. The relief sought was that the court vacate *225 the final decree and take further proceedings "consistent with the law and evidence as may be established." The motion itself affirmatively shows that the comptroller had obtained certified copies of all the pleadings and orders which had been filed in the cause. He then made a voluntary appearance by the filing of his motion to vacate, incorporating therein his request that further proceedings be had, as has been indicated. Moreover, upon denial of the motion, the comptroller carried the cause to the Supreme Court on the sole question of the necessary-party feature, and he prevailed in that regard. The defense of lack of jurisdiction was first raised after the filing of the amendment to the complaint, which had been served upon the comptroller. He, therefore, possessed a copy of the complaint and the amendment. Where a judgment has been entered without acquiring jurisdiction over the person of the defendant, it is the general rule that this defect is cured if the defendant later appears and participates in subsequent proceedings or invokes the action of the court for his benefit. 3 Am.Jur., Appearances, section 37, p. 806. The defense of lack of jurisdiction over the person is waived if not timely presented. Rule 1.11(h), Florida Rules of Civil Procedure, 30 F.S.A. Under the steps taken by the comptroller, the defense as to jurisdiction of the person was not timely filed.
Adverting now to the complaint, we note that its allegations were, in effect, that Hood, in writing, requested a hearing as provided by section 212.15(4), Florida Statutes, F.S.A., but that the comptroller ignored this request and, instead, after more than thirty days had elapsed from the date of the assessment, notified Hood that legal proceedings would be instituted for collection of the taxes.
By his answer, the comptroller denied that he had ignored Hood's request for a hearing and stated that the comptroller's office, through E.B. Gay, field supervisor, had advised Hood by letter to contact a representative of the comptroller's office, F.W. LeMosy, to arrange a hearing, but that the appellee did not do so. The comptroller further alleged that Hood failed to pursue his statutory right of appeal, in that he submitted no data nor facts for consideration within the thirty day period provided by section 212.15(4), Florida Statutes, F.S.A. It was also stated that, despite expiration of the thirty day period, the comptroller through LeMosy requested additional information from Hood's records to further substantiate the levy of the tax due the state, but that Hood failed and refused to supply the requested data.
After the final hearing, the late lamented chancellor entered his final decree, determining that the comptroller, acting by and through his representatives, ignored Hood's request for hearing before the making and filing of the delinquent retail sales and use tax report assessment and by reason thereof, the assessment was void and of no effect. The comptroller was perpetually enjoined from enforcing the collection of the assessment.
Under the comptroller's position that the court erroneously excluded certain evidence, we may observe that the testimony refused by the chancellor related to procedures employed by the comptroller with respect to the hearing provided under section 212.15(4)[1] and also to direct contacts *226 and conversations between Hood and representatives of the comptroller's office concerning the matter of the delinquent tax assessment. In refusing to permit the introduction of testimony of the type mentioned, the chancellor ruled in effect that such testimony was not material or relevant to the issues. Testimony of the field supervisor, E.B. Gay, was offered to show the usual manner in which the comptroller's office handled requests for rehearing under the cited statute; and also the comptroller tried to introduce testimony of LeMosy, a special auditor of the department, regarding attempts by him, through personal visits, requests and conversations, to procure additional information concerning the assessment from Hood's records.
Even though it is not binding upon the courts, yet when not in conflict with the constitution or the plain intent of the legislative act, the practical construction placed upon a statute by an administrative department of the state government is entitled to great persuasive force and efficacy; and a court will not depart from such construction except for the most cogent reasons and unless clearly erroneous. Especially is this so when established by long usage. Green v. Stuckey's of Fanning Springs, Fla.App. 1957, 99 So.2d 867; and State ex rel. Fronton Exhibition Co. v. Stein, 1940, 144 Fla. 387, 198 So. 82. Specifically, the principle thus stated applies to the rules employed by the comptroller in the interpretation of sales and use tax statutes. L.B. Smith Aircraft Corp. v. Green, Fla. 1957, 94 So.2d 832. Since it appears that the excluded testimony was relevant to the material issues of the cause, it should have been admitted.
The appeal is also directed to refusal by the chancellor of proffer of the testimony of one witness, a Mrs. Blassingham, former employee at the Orlando office of the comptroller, purporting to show that she had telephone conversations with Hood with reference to the tax assessment. Hood had previously testified that some lady from the Orlando office had telephoned him several times "pertaining to this," and that he made a trip to the Orlando office concerning it. The chancellor sustained objection to Mrs. Blassingham's testifying as to the conversations with Hood, then refused to allow proffer of the evidence for the record, stating, "* * * the record will simply show that you offered it, that's sufficient."
Where the court has sustained an objection to a question asked of a witness, the party against whom the ruling was made should make a proffer of the proposed testimony so that the trial and appellate courts may be enabled to determine its competency. Atlantic Coast Line R. Co. v. Shouse, 1922, 83 Fla. 156, 91 So. 90. Ordinarily, it is impossible for an appellate court to determine whether the lower court's refusal to permit a witness to testify is prejudicial where there has been no proffer of the evidence excluded. See Andrews v. Cardosa, Fla.App. 1957, 97 So.2d 43. Here, however, there was no failure on the part of the comptroller to attempt proffer of the testimony sought to be introduced; rather, the attempt was actually made and the trial court rejected it. Nevertheless, as mentioned, adequate predicate is shown to have been laid as to the nature of testimony sought to have been offered by the witness, Mrs. Blassingham. It follows that the court erred in refusing the proffer.
We turn now to the contention of the comptroller that the court should have admitted into evidence the carbon copy of a letter dated May 15, 1953, from field supervisor Gay to Hood, denied by the chancellor on the ground that the comptroller had laid no predicate for its admission by serving notice to produce the original.
The comptroller urges that the copy of the May 15, 1953, letter was a duplicate *227 original and therefore admissible under authority of Pensacola & A.R. Co. v. Braxton, 1894, 34 Fla. 471, 16 So. 317. However, there is an applicable and more contemporary Florida case, Lockwood v. L. & L. Freight Lines, 1936, 126 Fla. 474, 171 So. 236, which holds that where such a carbon copy is retained by the sender, it constitutes only a copy and is admissible in evidence only when a proper foundation is laid. The Supreme Court thus expressed itself:
"Where a writer desiring to preserve a copy of a letter writes at the same time two copies exactly alike, one a primary typewritten copy, and one a carbon copy, made simultaneously with the primary copy, through the same writing action of the typewriter, it is a matter of indifference, so far as the law of the evidence is concerned, which copy is signed and forwarded to the addressee and which is kept by the sender. The one sent becomes the original and the one kept is a mere copy, no matter by what force of evidence it is shown to be an absolutely accurate copy. * * *"
See also Skinner Mfg. Co. v. Douville, 1909, 57 Fla. 180, 49 So. 125, and the discussion contained in 65 A.L.R.2d 342, 349, 374, 383. There was no effort on the part of the comptroller to lay a proper predicate for admission of the carbon copy.
Additionally, the record in the present case fails to disclose that the original was actually mailed. Upon proof that a letter properly addressed and stamped was mailed in a United States post office, this is sufficient to raise a prima facie presumption of the receipt by the addressee of a letter so mailed; but the proof of the mailing does not dispense with the requirement of laying a proper foundation for introduction of secondary evidence of the contents of such letter when objection is interposed for that reason. Lockwood v. L. & L. Freight Lines, supra. Consequently, upon Hood's objection, the trial judge properly excluded the copy as evidence.
This cause is reversed and remanded to the court below for retrial not inconsistent with the views expressed in this opinion.
Reversed.
ALLEN, C.J., and SHANNON, J., concur.
NOTES
[1] "If any taxpayer or person required by this chapter to remit taxes to the comptroller shall feel aggrieved by any action of the comptroller, he shall have the right within thirty days to appeal to the comptroller for rehearing and re-examination and in support thereof may submit such data as may be relevant. If the comptroller's decision is determined adversely to the taxpayer or person required by this chapter to remit to the comptroller, such person shall have the right within thirty days from notice of such determination to have the comptroller's determination reviewed in appropriate proceedings in any of the circuit courts of Florida, and in such review there shall be no presumption in favor of the comptroller's findings."